**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

JUN 2 3 2003

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ABLE MANUFACTURING & | § | Case No. 03-37568-H2-11 |
| WHOLESALE GARAGE | § | (Chapter 11) |
| DOOR CO. | § | |
| | § | |
| Debtor | § | |

## WELLS FARGO'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPECT OF PROPOSED ASSET SALE AND DEBTOR'S PLAN OF REORGANIZATION

Wells Fargo Business Credit, Inc. ("Wells Fargo") respectfully submits this limited objection and reservation of rights in respect of the Debtor's proposed asset sale and Debtor's plan of reorganization, and states as follows:

1.      Wells Fargo supports the proposed sale and the plan and believes that they can and should be approved and confirmed, subject to certain clarifications and modifications.

2.      The plan provides that Wells Fargo will not be paid all of the cash proceeds from sale of its collateral upon closing of the pending sale of the Debtor's assets until Wells Fargo's secured claim is paid in full.  Instead, cash will be used to pay administrative expenses, §507 priority claims, cure costs and a reserve for future costs of activity under the plan of reorganization.  Wells Fargo would receive payment of the remainder of its claim from collections of the Debtor's accounts, which are not sold as part of the proposed transaction.

3.      This use of cash proceeds from Wells Fargo's collateral prior to payment in full of Wells Fargo's claim requires Wells Fargo's consent.  See ¶27 of the Final Order (I) Approving Debtor's Motion for Order Authorizing Debtor to use Cash Collateral and Incur Post-Petition

Secured Indebtedness and (II) Granting Security Interests and Superpriority Claims and Other Adequate Protection Pursuant to Sections 105(a), 361 and 364(c) of the Bankruptcy Code, entered on or about June 17, 2003.

4.      Wells Fargo has consented to use of proceeds of its collateral for the purposes described in the Debtor's plan provided that Wells Fargo receives a certain minimum cash payment from the initial proceeds and that Garaga, Inc. and Wells Fargo enter into a collection agreement in respect of existing accounts on terms previously agreed.  Wells Fargo would, consistent with the plan, retain its lien in the Debtor's accounts left behind from the sale and proceeds thereof.

5.      Wells Fargo reserves its rights to ensure that it receives an acceptable minimum payment at closing of a sale.  Further, to the extent that the prevailing bidder is an entity other than Garaga, Inc., Wells Fargo reserves all of its rights.  Wells Fargo, in its sole discretion, is willing to consider entering into a collection agreement with prospective bidders other than Garaga, Inc., but only if the terms of such collection agreement are acceptable and Wells Fargo is satisfied with the responsibility and competency of the prevailing bidder.

WHEREFORE, Wells Fargo requests that the Court condition approval of the proposed sale and confirmation of the plan upon compliance with paragraph 27 of the final cash collateral order; and that the Court grant such other relief as is just and equitable.

Dated this 4 day of June, 2003.

PLUNKETT & GIBSON, Inc.

By: _____

Ronald Hornberger
Renaissance Plaza
70 NE Loop 410, Suite 100
San Antonio, TX 78216-5893
(210) 734-7092

AND

BROWNSTEIN, HYATT & FARBER, P.C.
Michael J. Pankow
Mark M. Ovesen
410 Seventeenth Street, Suite 2200
Denver, CO 80202
(303) 223-1100

Attorneys for Wells Fargo

## CERTIFICATE OF SERVICE

I certify that on this 21st day of June, 2003, I served a true and correct copy of the attached **WELLS FARGO'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPECT OF PROPOSED ASSET SALE AND DEBTOR'S PLAN OF REORGANIZATION** via e-mail and United States mail, first-class postage prepaid, as follows:

Able Manufacturing & Wholesale Garage Door Co.
Attn:  Claude Smith
5707 Mitchelldale
Houston, TX 77092

Thomas Henderson, Esq.
Patrick Griffin, Esq.
Floyd, Isgur, Rios &  Wahrlich, P.C.
700 Louisiana, Ste. 4600
Houston, TX 77002-2732

United States Trustee
Attn:  Ellen Hickman
515 Rusk, Ste. 3516
Houston, TX 77002

Gail J. McDonald, Esq.
Joe Epstein, Esq.
Winstead Sechrest & Minick
910 Travis, Suite 2400
Houston, TX 77002

Edward L. Rothberg, Esq.
Weycer, Kaplan, Pulaski & Zuber, P.C.
1400 Summit Tower
Eleven Greenway Plaza
Houston, TX 77046

8878\50\798541.1
6/21/03